UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALPHEUS BRUTON, III,<br><br>     Plaintiff<br><br>v.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB, et al.,<br><br>     Defendants | Case No.: 2:25-cv-02174-APG-BNW<br><br>**Order Granting Plaintiff's Motion for Preliminary Injunction**<br><br>and<br><br>**PRELIMINARY INJUNCTION**<br><br>[ECF No. 9] |

Alpheus Bruton III owns property located at 2816 Dotted Wren Avenue in North Las Vegas that is encumbered by a deed of trust. Wilmington Savings Fund Society, FSB, as trustee for CSMC 2018-RPL6 Trust (Wilmington), is the beneficiary of record for the deed of trust. Defendant MTC Financial Inc. is the trustee. Wilmington, through MTC, has initiated foreclosure proceedings. Bruton moves to enjoin the nonjudicial foreclosure sale that is currently set for December 12, 2025. ECF No. 10.

To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

For the reasons set forth on the record at the December 4, 2025 hearing, and as outlined here, Bruton has met his burden to show a likelihood of success on the merits on two of his

claims. First, Bruton has shown a likelihood of success on his dual-tracking claim. Bruton has presented evidence that Shellpoint was Wilmington's servicer, that he applied for a loan modification with Shellpoint, that a notice of trustee's sale was recorded on September 19, but that his loan modification was still under review with Shellpoint at that time because Shellpoint did not deny his modification until September 30. Bruton thus is likely to succeed in showing that Wilmington, through its agent, violated Nevada Revised Statutes (NRS) § 107.530(b) because the notice of sale was recorded before Shellpoint made a written determination that Bruton was ineligible for a foreclosure prevention alternative. Bruton has also shown a likelihood of establishing that Wilmington, through its servicer, violated NRS § 107.530(4) by denying him his appeal rights. Shellpoint's denial letter did not tell Bruton he had a right to appeal, how much time he had to appeal, or how to appeal.

Bruton has shown he will suffer irreparable harm by losing his home. Loss of real property is a recognized irreparable harm in Nevada. *Dixon v. Thatcher*, 742 P.2d 1029, 1030 (Nev. 1987) ("Because real property and its attributes are considered unique[,] loss of real property rights generally results in irreparable harm."). Additionally, he has been denied his statutorily required appeal rights.

The balance of hardships tips in Bruton's favor because he will lose his home while Wilmington merely has to comply with Nevada law, which it already should have done. Finally, the public interest favors an injunction because Nevada law requires lenders and servicers to comply with certain procedural steps before foreclosing, particularly where the loan at issue is a residential home loan like Bruton's.

Under NRS § 107.560(1), so long as no trustee's deed upon sale has been recorded, the borrower may sue to enjoin a "material violation" of § 107.530. If an injunction issues, it

2

"remains in place and any foreclosure sale must be enjoined until the court determines that the mortgage servicer, mortgagee, beneficiary of the deed of trust or an authorized agent of such person has corrected and remedied the violation." *Id.*  Because Bruton has met his burden on the *Winter* factors, I grant his motion for a preliminary injunction.

I THEREFORE ORDER that plaintiff Alpheus Bruton, III's motion for preliminary injunction **(ECF No. 9) is GRANTED**.  Defendant Wilmington Savings Fund Society, FSB, as trustee for CSMC 2018-RPL6 Trust; Wilmington's agents; and anyone acting in concert with Wilmington, are hereby **ENJOINED** from conducting a nonjudicial foreclosure sale on the property at 2816 Dotted Wren Avenue, North Las Vegas, Nevada 89084, until Wilmington and its agents comply with the statutory requirements regarding nonjudicial foreclosures. Wilmington may move to lift the injunction once it has complied with the statutory requirements.

I FURTHER ORDER that no bond is required because I find Wilmington would not be harmed by a wrongful injunction because it only requires Wilmington to comply with the law and Wilmington has not demonstrated any need to foreclose imminently.

DATED this 4th day of December, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE